IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZZANE MURA,<br>    Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE COMAPNY,<br>    Defendant. | :<br>:<br>:<br>:  Civil No. 5:22-cv-02162-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                       **July 12, 2022**

Plaintiff Suzzane Mura filed the instant action against Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), claiming that Liberty Mutual committed breach of contract and engaged in bad faith when it refused to pay underinsured motorist ("UIM") benefits. Before the Court is Liberty Mutual's motion to dismiss the bad faith claim. For the reasons that follow, the Court grants Liberty Mutual's motion and dismisses Mura's bad faith claim without prejudice.

**I.  FACTUAL ALLEGATIONS[1]**

Mura alleges that Liberty Mutual issued a policy insuring her motor vehicle. (ECF No. 1 at ¶ 13.) On December 13, 2019, third-party George Yencha allegedly rear-ended the vehicle. (*Id.* at ¶ 7.) Mura suffered permanent injuries because of the accident. (*Id.*) After Mura demanded UIM benefits, Liberty Mutual refused to "pay any of the [requested] coverage." (*Id.* at ¶ 11.)

Mura now alleges that Liberty Mutual's conduct amounted to bad faith. (*Id.* at ¶ 33.) More specifically, she alleges the following instances of Liberty Mutual's bad faith:

  a.  Failing to evaluate Plaintiff's claims objectively and fairly based on new

---

[1] This summary is premised on the factual allegations contained in the complaint. For purposes of this motion, the allegations are presumed to be true and are construed in the light most favorable to Mura.

    information;

 b. Failing to re-evaluate Plaintiff's claims objectively and fairly based on new information;

 c. Engaging in dilatory and abusive claims handling;

 d. Failing to adopt or implement reasonable standards in evaluating Plaintiff's claims;

 e. Acting unreasonably and unfairly in response to Plaintiff's claims;

 f. No[t] attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claims in which the Defendant['s] liability under the policy had become reasonably clear;

 g. Subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

 h. Failing to promptly offer reasonable payment to the Plaintiff;

 i. Failing to reasonably and adequately investigate Plaintiff's claims;

 j. Failing to reasonably and adequately investigate Plaintiff's claims [*sic*];

 k. Failing to reasonably and adequately evaluate or review the medical documentation in Defendants' possession;

 l. Violating the fiduciary duty owed to the Plaintiff;

 m. Acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;

 n. Failing to make an honest, intelligent and objective settlement offer;

 o. Causing Plaintiff to expend money on the presentation of her claim; and

 p. Causing Plaintiff to bear the stress and anxiety associated with litigation.

(*Id.* at ¶ 33.)

Liberty Mutual asserts that these "bare-bones and conclusory allegations" do not set forth a cognizable bad faith claim. (ECF No. 7-1 at 8.) In response, Mura maintains that she "has provided ample factual support" for her claims. (ECF No. 8-1 at 6.)

## II. STANDARD

### A. Motion to Dismiss

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive the motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff cannot rely on mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Third Circuit courts use a three-step framework to evaluate the sufficiency of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, we note "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). We then "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In performing this analysis, we "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

**B.     Bad Faith**

Pennsylvania law "provides a statutory remedy for bad faith conduct by insurers and allows courts to award interest, punitive damages, and court costs and attorney fees against the insurer." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *5 (E.D. Pa. July 28, 2021) (internal quotation marks and citation omitted); *see* 42 PA. CONS. STAT. § 8371.  A plaintiff states a bad faith claim by alleging the following elements: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).  "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *O'Brien*, 2021 U.S. Dist. LEXIS 140495, at *5 (citation omitted).

## III.    DISCUSSION

Bare-bones, conclusory allegations do not state a claim for bad faith.  *Cf. Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) ("Bad faith claims are *fact specific* and turn on the conduct of the insurer towards the insured." (emphasis added)).  To survive dismissal, a plaintiff must therefore "plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)).

Mura pleads scant facts in support of her bad faith claim.  Indeed, the lone factual allegation pertinent to that claim is that Liberty Mutual "was not willing to pay any of the [UIM] coverage." (ECF No. 1 at ¶ 11.)  The remaining allegations comprise a laundry list of labels and conclusions without the requisite factual support.  (*Id.* at ¶ 33.)  For example, Mura does not assert how Liberty Mutual acted "unreasonably and unfairly in response to [her] claims." (*Id.*)  Nor does she assert

how Liberty Mutual failed to "re-evaluate [her] claims objectively and fairly based on new information." (*Id.*) "Essentially, Plaintiff's cursory allegations assert that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits." *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015) (citing *Klinger*, 115 F.3d at 233); *see, e.g.*, *Robbins v. Metro. Life Ins. Co. of Conn.*, No. 08-0191, 2008 WL 5412087, at *6–8 (E.D. Pa. Dec. 29, 2008) (finding that plaintiff "failed to provide sufficient facts to support" allegations that insurer "fail[ed] to objectively and fairly evaluate Plaintiffs' claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compell[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiffs' claims; and unreasonably withh[eld] policy benefits").

      Dismissal is warranted where, as here, a plaintiff's only factual allegation is that an insurer denied UIM coverage. *See, e.g.*, *O'Brien*, 2021 U.S. Dist. LEXIS 140495, at *7 ("Plaintiffs' sole factual allegation . . . is that Defendant denied Plaintiffs' claim. . . . [T]his does not suffice."); *Baxley v. State Farm Mut. Auto. Ins. Co.*, No. 20-5512, 2021 U.S. Dist. LEXIS 7882, at *7 (E.D. Pa. Jan. 15, 2021) (granting motion to dismiss where plaintiff did not provide "any explanation of . . . what facts, beyond [defendant's] failure to pay her claim, indicate bad faith"); *Pfister v. State Farm Fire & Cas. Co.*, No. 11-cv-0799, 2011 WL 3163184, at *4 (W.D. Pa. July 26, 2011) (granting motion to dismiss where "Plaintiffs have failed to allege facts that reasonably suggest a frivolous or unfounded refusal to pay proceeds of a policy" (internal quotation marks and citation omitted)); *Liberty Ins. Corp. v. PGT Trucking, Inc.*, No. 2:11-cv-151, 2011 U.S. Dist. LEXIS 68444, at *13–14 (W.D. Pa. June 27, 2011) ("It is not sufficient . . . to list the myriad of ways in

5

which bad faith might, theoretically, have occurred."); *see also Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *11 (E.D. Pa. June 8, 2016) ("Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations . . . .").

As these cases recognize, "a plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *O'Brien*, 2021 U.S. Dist. LEXIS 140495, at *5–6 (internal quotation marks and citation omitted). Should Mura choose to amend her complaint—after all, this dismissal is without prejudice and with leave to amend—counsel is advised that any amendment "must specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'" *Rosenberg v. Amica Mut. Ins. Co.*, No. 18-406, 2018 U.S. Dist. LEXIS 117116, at *8 (W.D. Pa. July 12, 2018).

## IV. CONCLUSION

For the reasons set forth above, Liberty Mutual's motion is granted. Mura's claim for bad faith is dismissed without prejudice. While Mura is given leave to file an amended complaint, any such amendment must include specific factual allegations that support bad faith. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge